IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

FILED

May 11, 1998

Cecil W. Crowson
Appellate Court Clerk

FOR PUBLICATION

Filed:  May 11, 1998

| | | |
|---|---|---|
| MATTHEW SEFFERNICK, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | DAVIDSON CIRCUIT |
| | ) | |
| v. | ) | Hon. Thomas W. Brothers, Judge |
| | ) | |
| SAINT THOMAS HOSPITAL AND | ) | No. 01S01-9706-CV-00122 |
| BARRY E. YARBROUGH, M.D., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

FOR APPELLANTS:

C.J. GIDEON, JR.
SHIRLEY A. IRWIN
NASHVILLE

FOR APPELLEE:

ROGER L. GILBERT
KNOXVILLE

# O P I N I O N

COURT OF APPEALS REVERSED                    HOLDER, J.

## OPINION

We granted this appeal to decide whether the trial court erred in relying on excerpts of a deposition when striking the affidavit of the plaintiff's expert. The Court of Appeals held that the depositional excerpts could not "be considered as evidence" because they "contain[ed] no affidavit as required by T.R.C.P. Rules 30.03 and 56.05." We reverse the appellate court's dismissal finding: (1) that the issue was waived; (2) that Tenn. R. Civ. P. 30.03 and 56.05 neither preclude filing excerpts of a deposition nor require that an affidavit be attached to deposition excerpts; and (3) that the trial judge neither abused his discretion nor acted arbitrarily in striking the expert's affidavit pursuant to Tenn. R. Evid. 702 and 703.

The plaintiff, Matthew Seffernick, filed a medical malpractice action against the defendants, Saint Thomas Hospital and Barry E. Yarborough, M.D. Seffernick alleged that he was a patient at Saint Thomas Hospital in Nashville, Tennessee, where he was seen by Dr. Barry Yarborough. The plaintiff sought medical attention for an eye injury after being struck in the eye by a metal wire.

The plaintiff developed severe pain and swelling of his eye and a reduction of vision. He was diagnosed with both endophthalmitis and detached retina. He underwent two surgical procedures and ultimately lost vision in his eye. He filed suit against the defendants alleging "that the defendants failed to properly treat the plaintiff's eye injury and failed to give him proper antibiotic treatment or any other treatment other than ointment and a patch . . . ."

The defendants filed a motion for summary judgment supported by the affidavit of the defendant, Dr. Yarborough. He stated that he diagnosed the plaintiff as having an abrasion of the right eye with subconjunctival hematoma. He treated the hematoma with Garamycin ophthalmic solution and applied a

2

patch to the plaintiff's eye. He advised the plaintiff to discontinue use of the patch the next day if the plaintiff were "comfortable and without problems." He instructed the plaintiff to return to the emergency department if he experienced any complications with his eye.

The plaintiff responded by filing the affidavit of Winston Hall Worthington, M.D. In his affidavit, Dr. Worthington stated that Dr. Yarborough deviated from the standard of care in treating the plaintiff by failing to:

1. have the plaintiff re-examined within 24 hours of the emergency room visit;

2. examine the plaintiff's eye with a slit-lamp microscope to evaluate for a possible penetration injury; and

3. "place patient on Garamycin Ointment and patch the eye overnight."

The trial judge found that Dr. Worthington's affidavit created an issue of disputed material fact and denied the defendants' motion for summary judgment.

The defendants then conducted a discovery deposition of Dr. Worthington. Dr. Worthington acknowledged in his deposition that the emergency room records indicated the application of Garamycin Ointment. Dr. Worthington further stated, contrary to his affidavit, that he was unable to offer an opinion that the application of Garamycin would have prevented the plaintiff's infection.

Q. Can you say, to a reasonable degree of medical certainty, whether the endophthalmitis that the patient had would have been prevented if Garamycin ointment had been applied in the ER at Saint Thomas?

A. No.

3

. . .

Q. . . . Why did Matthew Seffernick have a detachment of his retina?

A. I don't know.

. . .

Q. Can you tell me, then, to a reasonable degree of medical certainty, why did the retinal detachment occur?

A. I have no idea.

. . .

Q. Is it fair to say that while you have some criticisms of Dr. Yarborough, you can't really say that what you criticize him for actually caused this young man to sustain his visual loss?

A. That's true.

The defendants filed a motion to strike the affidavit testimony of Dr. Worthington and renewed their motion for summary judgment based upon inconsistencies between Dr. Worthington's affidavit and his deposition. The defendants filed excerpts of Dr. Worthington's discovery deposition in support of their motion to strike. The excerpts of the deposition were indexed, attached to a Notice of Filing and made a part of the trial record. The plaintiff's counsel neither objected to the authenticity nor to the admissibility of the deposition excerpts.

The trial court granted the defendants' motion to strike the affidavit testimony of Dr. Worthington finding:

that there is an inadequate factual and scientific basis for the testimony of Dr. Worthington, that Dr. Worthington's testimony will not substantially assist the trier of fact, that many material aspects of Dr. Worthington's testimony, comparing his affidavit with his August 30, 1995 deposition testimony, cannot be reconciled, and that Dr. Worthington's opinions are, fundamentally, untrustworthy.

The trial court then granted the defendants' motion for summary judgment. The Court of Appeals reversed the trial court's dismissal. The appellate court reasoned that the "document entitled 'Notice of Filing' which contains purported

excerpts from [Worthington's] deposition . . . cannot be considered as evidence . . . because it contains no affidavit as required by T.R.C.P. Rules 30.03 and 56.05."

Contrary to the appellate court's ruling, Tenn. R. Civ. P. 30.03 and 56.05[1] neither preclude the filing of excerpts of a deposition nor require that an affidavit be attached to deposition excerpts. See Tenn. R. Civ. P. 32 (contemplating use of "any part or all of a deposition"). Moreover, the plaintiff's attorney objected neither to the admissibility nor to the form of the Notice of Filing. Had the plaintiff's attorney believed that the excerpts conveyed an inaccurate assessment of Dr. Worthington's depositional testimony, the plaintiff should have objected and requested that the entire deposition be admitted into evidence. See Tenn. R. Civ. P. 32.01(4) ("If only part of a deposition is offered in evidence by a party, an adverse party may require the offering party to introduce any other part which ought in fairness to be considered with the part introduced . . .").

Generally, questions regarding the admissibility, qualifications, relevancy and competency of an expert's testimony are left to the discretion of the trial court. McDaniel v. CSX Transportation, Inc., 955 S.W.2d 257, 263 (Tenn. 1997). Pursuant to Tenn. R. Evid. 703, a trial court must disallow testimony in the form of opinion or inference when the underlying facts or data indicate a lack of trustworthiness. Id. at 264-65. While similar language is not present in the federal rule, Tenn. R. Evid. 703 is "designed to encourage trial courts to take a more active role in evaluating the reasonableness of the expert's reliance upon the particular basis for [the expert's] testimony." Id. at 265. The trial court's ruling on these matters may only be overturned if the discretion is arbitrarily exercised or abused. Id. at 263-64.

---

[1]The substance of Rule 56.05 is currently contained in Rule 56.06.

We hold that the failure to object constituted a waiver and that the trial judge neither abused his discretion nor acted arbitrarily in striking Dr. Worthington's testimony pursuant to Tenn. R. Evid. 702 and 703. The decision of the appellate court is reversed, and the trial court's grant of summary judgment is reinstated. The case is remanded to the Court of Appeals for review of the pretermitted issue of whether the trial court correctly awarded discretionary costs to the defendants. Costs of this appeal shall be taxed to the plaintiff, Matthew Seffernick, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE


**CONCUR:**

Anderson, C.J.
Drowota and Birch, J.J.
Reid, Sp.J.