**NCNB NATIONAL BANK OF NORTH CAROLINA, Plaintiff–Appellant,**

**v.**

**Walter W. THRAILKILL and wife, Sheila Thrailkill, Defendants,**

**and**

**Arthur's, Inc., Garnishee–Appellee.**

Court of Appeals of Tennessee, Middle Section at Nashville.

Feb. 5, 1993.

Permission to Appeal Denied by Supreme Court June 1, 1993.

Edward T. Brading, Gullett, Sanford, Robinson & Martin, Nashville, for plaintiff-appellant.

Douglas Berry, Dixie L. Pepper, Weed, Hubbard, Berry & Doughty, Nashville, for garnishee-appellee.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiff, NCNB National Bank of North Carolina (NCNB), from an order entered by the trial court setting aside a final judgment against the garnishee-appellee, Arthur's, Inc. (Arthur's).

This case arose out of the following facts and circumstances:

On 1 March 1990, judgment was entered in the Chancery Court for Davidson County against defendants, Walter W. Thrailkill and Sheila Thrailkill, in favor of NCNB in the sum of $116,277.78.

On 4 November 1991, a garnishment for the property of either or both of the defendants was issued by the Clerk and Master of the Chancery Court for Davidson County. The garnishment was served upon Arthur's through its registered agent, Michael D. Brent, for service of process on 12 November 1991. On 15 November 1991, Mr. Brent, a Nashville lawyer, sent the garnishment to Mr. George Fehrmann, the secretary of, and also a shareholder in, Arthur's. Mr. Brent sent the garnishment

again to Mr. Fehrmann on 18 December 1991.

Mr. Fehrmann hand-delivered the garnishment to defendant, Walter W. Thrailkill. Defendant Walter Thrailkill is president of, and also a forty percent shareholder in, Arthur's. Mr. Fehrmann and Mr. Thrailkill discussed the garnishment, and it was decided that Mr. Thrailkill would "handle" the matter.

Arthur's did not answer the garnishment. Subsequently, a conditional judgment was entered in the Chancery Court pursuant to Tennessee Code Annotated, Section 26–2–209 [1], against Arthur's for $142,736.03.

Notice of the conditional judgment was issued by the clerk of the Chancery Court and served upon Arthur's through its registered agent, Michael Brent, on 23 December 1991. The notice directed Arthur's to appear before the Chancery Court on 13 January 1992 at 8:30 a.m. to show cause why the conditional judgment should not be made final. Mr. Brent forwarded the conditional judgment order to Mr. Fehrmann.

Arthur's did not appear at the show cause hearing on 13 January 1992. Pursuant to Tennessee Code Annotated, Section 26–2–209, the trial court entered a final judgment against Arthur's on 21 January 1992 for $142,736.03. No appeal was taken from that judgment.

On 20 February 1992, Arthur's filed a motion, pursuant to Tennessee Rules of Civil Procedure 60.02(1) and 60.02(5), and sought to have the final judgment set aside. The motion was accompanied by affidavits of Mr. Brent and Mr. Fehrmann.

The hearing on Arthur's Tennessee Rule of Civil Procedure 60.02 motion was held on 28 February 1992. A supplemental affidavit of Mr. Fehrmann was filed by Arthur's on the morning of 28 February 1992. No oral testimony or other evidence in sup-

---

1. **26–2–209. Failure to appear or answer.**—The date garnishee's answer is received by the court clerk shall be noted on the docket book in the proper manner, whether or not the answer discloses any property subject to garnishment. If the garnishee fails to appear or answer, a conditional judgment may be entered against him for the plaintiff's debt, upon which a notice shall issue to the garnishee returnable at such time as the court may require, to show cause why judgment final should not be rendered against him. On failure of the garnishee to appear and show cause, the conditional judgment shall be made final, and execution awarded for the plaintiff's entire debt and costs.

port of the motion, other than the affidavit of Mr. Brent and the affidavits of Mr. Fehrmann, were presented.

The court then granted Arthur's Rule 60.02(1), Tennessee Rules of Civil Procedure, motion, finding that Arthur's failure to respond to the conditional judgment order and the entry of final judgment was the result of "excusable neglect" of the corporation's officers. The court further found that relief was justified under Rule 60.02(5), since Arthur's was "not a proper garnishee, since it did not owe any money to or hold any property of either of the judgment debtors."

Tennessee Rules of Civil Procedure 60.-02(1) and 60.02(5) provide as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (5) any other reason justifying relief from the operation of the judgment.

■ Tennessee Rule of Civil Procedure 60.02 is not for use by a party that is merely dissatisfied with the results of his case. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn.1991). This rule is to be used only in those cases that meet one or more of the criteria set forth in the rule. *Id.* The principle of finality is firmly imbedded in the procedural rules and, therefore, Rule 60.02 is an "escape valve" that should not be easily opened. *Id.* The burden is upon the movant under a Tennessee Rule of Civil Procedure 60.02 motion to show that the movant is entitled to relief and there must be proof of the basis on which relief is sought. *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn.1991). The burden is on the party seeking relief from a judgment under Rule 60.02 to show the facts giving rise to the relief. *Holt v. Holt*, 751 S.W.2d 426, 428 (Tenn.App.1988).

■ This Court on appeal reviews the decision of the trial court on the basis of whether he abused his discretion. *Toney v. Mueller Co.*, 810 S.W.2d 145 (Tenn.1991).

In the instant case, Arthur's presented no oral testimony or other evidence in support of its motion, except the affidavit of Mr. Brent and the affidavits of Mr. Fehrmann.

■ While Tennessee Rule of Appellate Procedure 13(d) requires this Court to presume that the trial court's findings of fact are correct unless the evidence preponderates against the finding, this presumption does not exist with regard to the trial court's legal determination or when the trial court's conclusions are based on uncontroverted facts. *Kelley v. Johnson*, 796 S.W.2d 155, 158 (Tenn.App.1990). "[M]ere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect." *Food Lion v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn.1985) (quoting 46 Am.Jur.2d *Judgments* § 718 (1969)).

■ The only evidence presented by Arthur's in support of its motion to set the judgment aside were the affidavits of Mr. Brent and Mr. Fehrmann. These affidavits failed to demonstrate excusable neglect. The affidavits show that the registered agent and the corporate secretary paid clear attention to the garnishment and behaved deliberately toward it. The registered agent of the corporation was served with the garnishment and then sent it to the corporate secretary. The registered agent was later served with the conditional judgment order, and also sent this on to the corporate secretary. The corporate secretary then consciously and deliberately placed the garnishment into the hands of Mr. Thrailkill, the judgment debtor whose property was the subject of the garnishment action. The corporate secretary and Mr. Thrailkill agreed that Mr. Thrailkill would "handle" the matter. There is no evidence in this record that either Mr. Brent or Mr. Fehrmann acted in a manner which would constitute excusable neglect. Absent from the record is any evidence of what happened to the garnishment once it was placed in the hands of Mr. Thrailkill, the judgment debtor and president of the garnishee corporation.

We are further of the opinion that Tennessee Rule of Civil Procedure 60.02(5) does not provide Arthur's a basis for relief. It has been said that despite its broad language, Tennessee Rule of Civil Procedure 60.02(5) is construed narrowly. *Steioff v. Steioff,* 833 S.W.2d 94, 97 (Tenn. App.1992); *Duncan v. Duncan,* 789 S.W.2d 557, 564 (Tenn.App.1990). The standards of Rule 60.02(5) "are more demanding than those applicable to the other grounds for [Rule] 60.02 relief." *Duncan,* 789 S.W.2d at 564 (*citing Tenn. Dept. of Human Services v. Barbee,* 689 S.W.2d 863, 866 (Tenn.1985)). Tennessee Rule of Civil Procedure 60.02(5) is intended to provide relief only in the most unique, exceptional, or extraordinary circumstances. *Steioff,* 833 S.W.2d at 97; *Duncan,* 789 S.W.2d at 564. Rule 60.02(5) is applicable only to situations that are not covered by the other clauses in Rule 60.02 or in cases of extreme hardship. *Id.*

Tennessee Rule of Civil Procedure 60.-02(5) is "not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." *Magnavox Co. of Tenn. v. Boles & Hite Constr. Co.,* 583 S.W.2d 611, 613 (Tenn.App.1979) (*citing* 11 Wright & Miller, *Federal Practice and Procedure,* § 2864).

The trial court found that relief under Tennessee Rule of Civil Procedure 60.02(5) was justified because Arthur's was not a "proper garnishee, since it did not owe any money to or hold any property of either of the judgment debtors." We find nothing in the record to support this finding.

The only pre-condition under Tennessee Code Annotated, Section 26–2–209 to entry of a final judgment against a garnishee is the garnishee's failure to answer the garnishment and appear at the show cause hearing. The fact that the garnishee may not owe any money to or hold any property of the judgment debtor is irrelevant to entry of a final judgment under the statute.

However, even if the indebtedness of Arthur's to the defendant Thrailkill was relevant to the entry of a judgment against Arthur's, the record does not support the trial court's finding that Arthur's did not owe any money to or hold any property of the defendants. Mr. Fehrmann admits that defendant Thrailkill is compensated for his work for Arthur's by receiving five percent (5%) of the gross proceeds of Arthur's restaurant. Despite his admission, Mr. Fehrmann said that this compensation is paid to a corporation called Thrailkill Management, Inc. The record shows there is no corporation known as Thrailkill Management, Inc., although there once existed an entity, "Thrailkill Management Company, Inc.," a Tennessee corporation, that was administratively dissolved in 1990. There is no evidence in the record to show that Thrailkill Management, Inc. is an entity separate from Mr. Thrailkill.

The affidavits reveal that Mr. Fehrmann's behavior upon receipt of the garnishment was somewhat odd. Mr. Fehrmann is not involved in the day-to-day business of Arthur's and devotes nearly all of his time, attention and energy to running a manufacturing business in Franklin, Tennessee. Despite his noninvolvement, Mr. Fehrmann says that he determined that Arthur's did not owe any money to or hold any property of the judgment debtors. Rather than answering the garnishment accordingly, he hand-delivered the garnishment to one of the judgment debtors for the judgment debtor to handle. His statement that he "assumed" that one of the judgment debtors whose property was sought by the garnishment would actually answer the garnishment by a simple denial is somewhat incredulous. In any event, Mr. Fehrmann's assumption proved to be wrong and being wrong does not afford Arthur's a basis for relief. "Carelessness is not synonymous with excusable neglect." *Food Lion,* 700 S.W.2d 893, 896 (quoting 46 Am.Jur.2d Judgments, Section 718 (1969)).

It therefore results that the judgment of the trial court in finding that the actions of Arthur's constituted "excusable neglect" within the meaning of Tennessee Rule of Civil Procedure 60.02(1) and Tennessee

Rule of Civil Procedure 60.02(5) is reversed. On remand, the trial court shall reinstate the final judgment.

Costs of appeal are assessed against the defendants and the cause remanded to the trial court for the collection of costs, reinstatement of the final judgment, and any further necessary proceedings.

TODD, P.J., and KOCH, J., concur.