IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

**FILED**

**March 3, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

SCENIC HELICOPTERS, INC. and ) SEVIER CHANCERY
SCENIC HELICOPTER RIDES, )
LIMITED, )
 )
         Plaintiffs/Appellees ) NO. 03A01-9709-CH-00439
 )
v. ) HON. CHESTER S. RAINWATER, JR.
 ) JUDGE
CITY OF SEVIERVILLE, )
TENNESSEE, )
 )
         Defendant/Appellant ) AFFIRMED

Linda J. Hamilton Mowles, Knoxville, for Appellant.

Dwight E. Stokes, Sevierville, for Appellee.

# O P I N I O N

INMAN, Senior Judge

This complaint sought a writ of mandamus to require the City to issue a sign permit, or, alternatively, to review the action of the City in denying the application for a permit. The Chancellor found that the action of the Board of Zoning Appeals in denying the permit was arbitrary and ordered the issuance of the permit. We affirm.

The plaintiff leased two adjoining parcels of real estate fronting 216 feet on Highway 66, and 250 feet on a private drive, aggregating 12 acres, only one-half of which is within the city limits. The proposed sign is to be erected on a portion of the property within the city limits.

The plaintiff made application for a sign permit which was rejected because "it was on an unapproved lot of record."

Section 409 of the Zoning Ordinance governs the location and erection of signs. It contains no requirement that a sign be located on an "approved lot of record."

The City recognized the difficulty, but argued before the Chancellor and this Court that "the permit for the sign was refused because it was not located on a subdivision lot approved by the Planning Commission," and a lot is required to have 149 feet of road frontage if it is to be approved. The proposed lot allegedly has only six feet of frontage *within the city limits.* Because the sign ordinance provides that an applicant must comply with all other ordinances, the City's extended argument is that a sign cannot be erected on any lot having less than 149 feet of road frontage as required by Article VIII of the Zoning Code. This Article is concerned "with developments along major arterials." We conclude that the sign proposed to be erected is not a 'development' within the overall purview of the Zoning Ordinance.

We agree with the Chancellor that the City's argument requires a bit of stretch, since the sign ordinance nowhere mentions the requirement that a sign must be located on an 'approved lot'; and, even so, we are not precisely certain as to the definition of an 'approved lot' other than its approbation by the Planning Commission. We think the specific provisions of Section 409 dealing exclusively with signs should control. *See, Norris v. Snodgrass,* 871 S.W.2d 484 (Tenn. App. 1993); *Woodroof v. City of Nashville,* 192 S.W.2d 1013 (Tenn. 1946), and it is not controverted that subject to the 'approved lot' argument the plaintiffs fully complied with the signage ordinance.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d). There is no presumption of the

correctness of the decision of the trial Court on a question of law. *NCNB Nat'l. Bank v. Thrailkill,* 856 S.W.2d 150 (Tenn. Ct. App. 1993). The evidence does not preponderate against the judgment, which is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge


_____
Don T. McMurray, Judge