# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
May 15, 2000 Session

## CASSANDRA D. MYLES v. PETER M. MYLES

**An Appeal from the Circuit Court for Shelby County**
**No. 160706 R.D.     George H. Brown, Jr., Judge**

---

### No. W1999-00495-COA-R3-CV - Filed April 26, 2001

---

This is a divorce case. The husband failed to appear for the rescheduled hearing on the wife's motion for default judgment. The trial court granted default judgment and, at a subsequent final divorce hearing from which the husband was also absent, granted the wife a divorce and awarded her alimony *in solido*. The husband then filed motions to set aside the default judgment and for a new trial, asserting that he had not received notice of either the rescheduled hearing on default judgment or the final divorce hearing. The trial court denied both motions. The husband appeals. We affirm, finding that the husband's neglect was not excusable.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and DAVID R. FARMER, J., joined.

John S. Richbourg, Memphis, Tennessee, for the appellant, Peter M. Myles.

Terry Allen Scott II, Memphis, Tennessee, for the appellee, Cassandra D. Myles.

### OPINION

This is a divorce case. Defendant/Appellant Peter M. Myles ("Husband") and Plaintiff/Appellee Cassandra D. Myles ("Wife") were married in 1995. On October 26, 1998, after slightly more than three years of marriage, Wife filed a complaint for divorce. Husband was served on November 2, 1998. Husband did not hire an attorney, nor did he file an answer to Wife's complaint for divorce. Husband attempted to negotiate a marital dissolution agreement with Wife's attorney, but Wife later told her attorney to discontinue negotiations. On December 9, 1998, Wife filed a motion for default judgment. A hearing on the motion for default judgment was scheduled for December 18, 1998. When Husband arrived at the courtroom on the scheduled date, he learned that the hearing had been postponed because the trial judge was ill. Husband did not ask when or whether the hearing was to be rescheduled. The rescheduled hearing was held on January 15, 1999. Husband was not present at this hearing.

In February 1999, the trial court entered an order granting Wife's motion for default judgment. A final hearing on the divorce was held on March 3, 1999. Husband was not present at the final divorce hearing. On March 11, 1999, the trial court entered the final divorce decree, granting Wife a divorce and, *inter alia*, $15,000 in alimony *in solido*.

In April 1999, Husband retained counsel and filed motions to set aside the default judgment and for a new trial. Husband asserted that he had not received notice of either the rescheduled hearing on the motion for default judgment or the final divorce hearing. He argued that the default judgment had resulted from excusable neglect.

At the hearing on Husband's motions, the trial court found that Husband was negligent for failing to take any steps to ascertain the status of the case or the date to w hich the postponed hearing was rescheduled. The trial court stated that Husband should have known that additional proceedings would follow after the original hearing on the default judgment was postponed, and his failure to determine the status of the case was neglect that was not excusable. The trial court denied both motions and awarded Wife attorney's fees. Husband now appeals.

On appeal, Husband argues the trial court abused its discretion in denying his motions to set aside the default judgment and for a new trial. He asserts that he never received notice of the rescheduled hearing and did not receive notice of the final divorce hearing until the day before the hearing was scheduled. Husband concedes that he was negligent in failing to inquire about the status of his case or the date of the rescheduled hearing, but asserts that he was distracted from the divorce proceedings by his sister's death in February 1999. He argues that this is the type of excusable neglect contemplated by Rule 60.02 of the Tennessee Rules of Civil Procedure.

Wife asserts that Husband willfully allowed the default judgment to be entered against him. She notes that Husband had advance knowledge of the final divorce hearing scheduled for March 3, 1999, but failed to appear or take any action on the case until after the final divorce decree was entered.

A motion for relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure lies within the sound discretion of the trial court. On appeal, the scope of review is limited to whether the trial judge abused his discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993).

Upon review of the trial record, we find that no abuse of discretion in the trial court's denial of Husband's motion to set aside the default judgment. Although Rule 60.02 provides relief from a judgment or order due to mistake, inadvertence, surprise, or excusable neglect, "mere negligence or [the] inattention of a party is no ground for vacating a judgment. . . . Carelessness is not synonymous with excusable neglect." *Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985) (quoting 46 Am. Jur. 2d *Judgments* § 718 (1969)). The stress or importance of a party's private business is not necessarily justification for neglecting his case; such neglect is usually not excusable. *Id.* A party remains responsible for taking steps to protect his

own interest. ***NCNB Nat'l Bank of North Carolina v. Thrailkill***, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993). Despite Husband's knowledge that the original hearing had been postponed, he took no action on his case until after the final divorce decree was entered. Rule 60.02 does not relieve a party from his deliberate choices simply because he may disagree with the outcome of the judgment. ***Id.*** Therefore, we affirm the trial court's denial of Husband's motions.

The decision of the trial court is affirmed. Costs are taxed to the appellant, Peter M. Myles and his surety, for which execution may issue if necessary.

_____

HOLLY K. LILLARD, JUDGE
