# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 3, 2003

## JOHN OLIVER HARPER v. CATHY LYNN HARPER

**Appeal from the Circuit Court for Blount County**
**No. E-17805      W. Dale Young, Judge**

**FILED JANUARY 29, 2003**

**No. E-2002-01259-COA-R3-CV**

---

John Oliver Harper ("Husband") sued for a divorce from Cathy Lynn Harper ("Wife") on the basis of Wife's alleged habitual drunkenness. Wife was represented by counsel early in the litigation, but was not represented when the trial occurred. Early in the morning on the day of trial, Wife was arrested for public intoxication and was not present at trial as she was in jail. The Trial Court entered judgment and distributed the property based solely on Husband's testimony and/or that of his witnesses. Wife filed a motion for relief from the judgment and attempted to offer proof as to why she was unable to be at trial. The Trial Court refused Wife the opportunity to present proof why it was not her fault she was not present at trial, and denied her motion for relief from the judgment. We vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Vacated; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Robert W. White, Maryville, Tennessee, for the Appellant Cathy Lynn Harper.

Jerry G. Cunningham, Maryville, Tennessee, for the Appellee John Oliver Harper.

# OPINION

## Background

Husband sued Wife for divorce on September 30, 1998. The parties were married in April of 1995 and had two minor children, ages 3 and 1, when the complaint for divorce was filed. As grounds for divorce, Husband alleged Wife was guilty of habitual drunkenness or, alternatively, that irreconcilable difference had arisen between the parties. Husband claimed Wife had threatened him, and he sought custody of the minor children as well as a restraining order.

Wife obtained counsel and filed an Answer to the Complaint. Wife denied the pertinent allegations of the complaint, although she admitted irreconcilable differences between the parties existed. Wife filed a counter-complaint for divorce, claiming Husband was guilty of habitual drunkenness and that Husband had physically abused her. Wife sought custody of the children in the counter-complaint.

Although not entirely clear from the record, it appears Husband received temporary custody of the children and Wife was granted visitation. Wife also was restrained from interfering with Husband's exercise of custody until a hearing was held on Husband's motion for a restraining order.

The next pertinent document in the record is a Final Judgment of Absolute Divorce ("Final Judgment") entered after a trial. Neither Wife nor any attorney representing Wife was present at the trial. In the Final Judgment, the Trial Court stated as follows:

> THIS MATTER CAME ON TO BE HEARD on this the 28th day of March, 2002, before the Honorable W. Dale Young, Judge of the Circuit Court for Blount County, Tennessee, upon the Complaint for Divorce of [Husband] …, the Answer and Counter-Complaint of [Wife] …, together with the Answer to the Counter-Complaint. The Court further finds that … [Wife] has had numerous attorneys and was served with proper Notice of today's hearing and that she has failed to appear to defend or prosecute the matter, and after having been called by the bailiff to appear the statutory three times, the Court is of the opinion that the matter should proceed.

After the trial, Husband was granted an absolute divorce on the basis of inappropriate marital conduct of Wife. The Trial Court ordered the parties to divide their personal property equitably. Husband was awarded the martial residence, subject to the mortgage. Husband also was

awarded his retirement account as his separate property. Each party was held responsible for his or her own indebtedness.[1]

After entry of the Final Judgment, Wife filed a Motion seeking relief from the Final Judgment pursuant to Tenn. R. Civ. P. 55, 59, and 60. In this Motion, Wife claimed she was not properly served with notice of the hearing. As pertinent to this appeal, she also stated:

> [Wife] would submit that it was an impossibility for her to appear at said hearing on the 28th day of March, 2002, given the fact that she was incarcerated in the Knox County Jail at said date and time.… [Wife] would submit that the division of property both personal and realty is far from equitable ….

Although Wife was represented by counsel early in the litigation, the parties reconciled for a brief period of time and her attorney had withdrawn from the case. Wife was not represented by an attorney on March 28, 2002, the date of the trial. A hearing was held on Wife's motion seeking relief from the judgment. Wife was represented by counsel at this hearing. The issue of whether or not Wife was served properly with notice of the March 28, 2002 hearing was resolved against Wife, and Wife does not raise that as an issue on appeal. When discussing why Wife was not present at the trial, Wife's counsel informed the Trial Court that Wife had been arrested for public intoxication, but the charge was later dismissed. Wife claims she called, while in jail, Jean Monroe of the Knoxville bar asking her to notify the Court about her situation. Wife left a message on Ms. Monroe's answering machine, but the message was not retrieved in time for Ms. Monroe to notify the Court.[2]

The Trial Court overruled Wife's motion for relief from the Final Judgment and, as stated in the Court's Order, refused "to hear any proof related to said motion." Accordingly, Wife made an offer of proof setting forth why she was not present at trial. In her offer of proof, Wife explained she was living with a cousin who had gone out of town. Her cousin's son and Wife do not get along. Wife had a couple glasses of wine; there was an argument; and her cousin's son proceeded to lock Wife out of the house. This occurred at approximately 12:30 in the morning. Wife decided to call a cab to take her to her daughter's house. Wife knocked on various neighbors' doors asking to use a phone to call a cab. According to Wife, an elderly gentleman apparently became "scared" and called the police. Wife eventually was able to call a cab, which arrived about the same time as the police. The police would not let Wife leave in the cab. Wife stated the police officer(s) realized she was not intoxicated and attempted to find Wife a place to stay by calling her daughter and ex-husband. When the police were unable to get in touch with anyone, they told Wife they could not just leave her outside, and so they took her to jail.

---

[1] Apparently, while this divorce case was pending, custody of the parties' two minor children was placed with the paternal Grandparents pursuant to an Order of the Blount County Juvenile Court. The custody of the children is not at issue on appeal.

[2] It does not appear Ms. Monroe ever actually represented Wife during the divorce proceedings.

Wife appeals the Trial Court's refusal to grant her relief from the Final Judgment. On appeal, Wife claims she is entitled to relief pursuant to Rules 55 and 60 of the Tenn. R. Civ. P.

**Discussion**

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). The Trial Court's decision to deny relief under Rule 60.02 is reviewed under an abuse of discretion standard. *See, e.g., Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996).

Initially, Wife claims the Final Judgment was a default judgment pursuant to Rule 55 because it was entered without her presence at trial. Wife claims pursuant to Rule 55.02, a default judgment can be set aside in accordance with Rule 60.02. A similar situation was confronted by this Court in *Mohan v, Mohan*, 1998 Tenn. App. LEXIS 669 (Tenn. Ct. App. Oct. 9. 1998). In *Mohan*, the husband answered his wife's complaint for divorce and also filed a counter-complaint. *Mohan*, 1998 Tenn. App. LEXIS 669 at *8. The husband was unable to be at trial because of a "family emergency". The trial court proceeded with the trial and entered judgment based on the wife's testimony. *Id*. at *6 - *8. On appeal, the husband characterized the final judgment as a default judgment, noting the Tennessee Supreme Court has cited with approval federal cases indicating "that great liberality should be applied in granting Rule 60 Motions in cases of default judgments since the interests of justice are best served by a trial on the merits only after a careful study of all relevant evidence." *Mohan*, 1998 Tenn. App. LEXIS 669 at *7 (citing *Tennessee Dep't of Human Servs. v Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985)). The *Mohan* court flatly rejected the husband's argument that the judgment was properly characterized as a default judgment, stating:

> Initially, we reject the Husband's characterization of the decision below as a default judgment. Rule 55.01 of the Tennessee Rules of Civil Procedure provides that a default judgment may be entered "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." The Husband did not fail to plead or defend in this case. The Husband, through his attorney, filed an answer and counter complaint to the Wife's complaint for divorce. He filed other motions including a motion to continue the case in light of an alleged "family emergency." The Husband's attorney was present at the trial. The statement of evidence included in the record indicates that the Husband's attorney presented at least some evidence in rebuttal and argued before the court at the final hearing.

-4-

*Mohan*, 1998 Tenn. App. LEXIS 669 at *7, *8.

We agree with both the reasoning and the result in *Mohan*. In the present case, Wife filed an answer and a counter-complaint. Other motions were filed by Wife during the course of the litigation and an agreed order was entered. Wife did not fail to plead or otherwise defend in this case. She did plead and did defend. She just was not present at trial. Wife's absence at trial does not magically convert the final judgment into a default judgment. We reject Wife's argument that a default judgment was entered in this case.

Wife makes a separate argument that the Trial Court erred in denying her relief from the judgment pursuant to Rules 60.02(1) and 60.02(5) of the Tenn. R. Civ. P. These Rules provide as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the operation of the judgment.

Rule 60.02 is not for use by a party merely because she is dissatisfied with the results of the case. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993). The principle of finality is firmly embedded in the procedural rules and, therefore, Rule 60.02 is an escape valve that should not be easily opened. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993). "[M]ere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect." *Food Lion v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993). The burden is on Wife in the present case to show why she was justified in failing to avoid any mistake, inadvertence, surprise, or neglect. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991); *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978).

Despite its broad language, Rule 60.02(5) is construed narrowly. *Federated Insurance Co. v. Lethcoe*, 18 S.W.3d 621, 625 (Tenn. 2000); *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993); *Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). The standards of Rule 60.02(5) are even more demanding than those applicable to the other grounds for Rule 60.02 relief. *NCNB National Bank of North Carolina v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993); *Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990)(citing *Tenn. Dept. of Human Services v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985)).

In her offer of proof, Wife describes a series of events which, if true, could lead one to believe she was the innocent victim of circumstance when she was arrested. We note the charge

of public drunkenness was dismissed, at least according to Wife's offer of proof. The dismissal of the criminal charge could have come about for various reasons. For example, she may have been found not guilty. The charge may have been dismissed for reasons not related to her guilt or innocence. The record contains no explanation as to why the criminal charge was dismissed. If Wife was not intoxicated and had otherwise engaged in no conduct warranting her arrest, as she claims, then we believe she would be entitled to relief from the Final Judgment under either Rule 60.02(1) or 60.02(5). Wife should not lose her day in court if she did nothing to justify her arrest. On the other hand, if Wife's arrest was justified by her actions, such as public intoxication or disorderly conduct, then she has no basis under Rule 60 to complain of the result reached by the Trial Court in her absence. Unfortunately, Wife never was given the opportunity to present proof as to what happened. Under the record before us, we hold the Trial "Court's refusal to hear any proof related to said motion . . ." was error.

Accordingly, we vacate and remand the decision of the Trial Court overruling Wife's Rule 60 motion for relief from the judgment. On remand, Wife has the burden of proving that her arrest was not justified by her actions that morning. We do not hold that Wife's absence is sufficient, by itself, to justify Rule 60 relief from the judgment. We hold only that Wife shall be given an opportunity to explain the events which occurred on the morning of trial that resulted in her being unable to be present at trial. Husband, likewise, shall be given the opportunity to offer countervailing proof. If Wife meets this burden of showing that her arrest was not justified by her actions, then she is entitled to relief under Rule 60. If she does not, she is entitled to no relief under Rule 60.

### Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for such further proceedings as required consistent with this Opinion. The costs on appeal are assessed against the Appellee, John Oliver Harper.

_____
D. MICHAEL SWINEY, JUDGE