IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 8, 2004 Session

## AILEEN STANDIFER CRAFT v. CLAIBORNE COUNTY

**Appeal from the Circuit Court for Anderson County**
**No. 7941     James B. Scott, Judge**

---

**No. E2003-01806-COA-R3-CV Filed July 21, 2004**

---

The initial judgment declared that Standifer Lane was a public road for one-tenth mile only. Sixteen (16) months after the judgment was entered, the County filed a Rule 62.02 motion alleging that "one-tenth mile" was a mistake because all concerned had agreed upon two-tenths mile. The judgment was amended to provide that Standifer Lane is a public road for a distance of 950 feet or to an existing driveway. The Rule 62.02 motion is untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Michael G. Hatmaker, Jacksboro, Tennessee, for appellant, Aileen Standifer Craft.

James D. Estep III, Tazewell, Tennessee, attorney for appellee, Claiborne County, Tennessee.

### OPINION

The Plaintiff's residence on her farmland fronts on Standifer Lane, a graveled road which serves other residences. It intersects with Lone Mountain Road, and meanders through the Plaintiff's farm, providing access to an isolated cemetery.

The Claiborne County Commission on May 19, 1999 adopted a motion "that Standifer Lane be made a public road" which motivated the Plaintiff to file an inverse condemnation proceeding.[1]

---

[1] Standifer Lane is unimproved and twelve (12) feet wide. Once it is recognized as a public road, the right of way width is required to be a minimum of forty (40) feet which implicates a taking, since the Plaintiff owned property on either side of the Lane.

A bench trial resulted in the entry of a judgment which in pertinent part provided, in *haec verba*;

> "1. That Standifer Lane is a public road, twelve feet in width, and as it existed as of March 24, 1999 beginning at the point of intersection of Standifer Lane and Lone Mountain Road, and continuing a distance of .1 miles from said point of beginning (at the intersection) but no further, providing access to the dwellings existing of March 24, 1999. Beyond the .1 mile from the intersection of Standifer Lane and Lone Mountain Road, Standifer Lane is a private road."

This judgment was filed May 16, 2000 after being approved by all counsel and signed by the trial judge.

On September 27, 2001 the County filed a Rule 62.02 motion[2] alleging that the decretal provision of one-tenth mile was a typographical mistake and that it was intended to be two-tenths mile. The Plaintiff answered that the quoted decretal provision was not a typographical error, but was agreed upon following negotiations between the parties, and in any event the Rule 62.02 motion was untimely since it was filed sixteen (16) months after the judgment was entered.

Following extended colloquy and the presentation of testimony, the trial court ruled that the Order entered May 16, 2000 should be amended to provide:

> That Standifer Lane is a county road, twelve (12) feet in width, and as it existed as of March 24, 1999, beginning at the point of intersection of Standifer Lane and Lone Mountain Road, and continuing with the center line of said Lane a distance the greater of 950 feet from said point of beginning (at the intersection) or to the existing Cora and Eddie Roberts' driveway (as of March 24, 1999), but no further, providing access to the swellings existing as of Marcy 24, 1999. Beyond the said distance from the intersection of Standifer Lane and Lone Mountain Road, Standifer Lane is a private road.

The Plaintiff appeals, insisting that the Court was without jurisdiction to amend the judgment. This is the issue for review, which is *de novo* on the record with no presumption of correction since the issue is one of law. **Warren v. Estate of Kirk**, 954 S.W.2d 722 (Tenn. 1997).

## Analysis

At the outset it is pertinent to note that the County - the Appellee - does not insist that the mistake, if any, was a clerical one. Rather, the County argues that the decision to grant Rule

---

[2] This motion also alleged that Ms. Craft should be held in contempt for constructing a fence which interfered with the use of Standifer Lane. The contempt allegation was dismissed and is not relevant on appeal.

60.02(5) relief was within the discretion of the trial judge, which should be reviewed under the abuse of discretion standard. The County argues that the trial judge intended that Standifer Lane should be a public road for a distance of 950 feet, and that the rule announced in *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621 (Tenn. 2000) (relief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship) should be applied to the case at Bar.

Rule 60.02, Tenn. R. Civ. P. provides:

> 60.02. Mistakes – Inadvertence – Excusable Neglect – Fraud, etc. – On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect: (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party: (3) the judgment is void: (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application: or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action (Tennessee Rules of Civil Procedure, 2003.)

Relief may be granted for "any other reason justifying relief from the operation of the judgment," 60.02(5), but it is required that the motion shall be filed within a reasonable time. Rule 60.02(5) should be narrowly construed, *NCNB Nat'l Bank of N.C. v. Thrailkill*, 856 S.W.2d 150 (Tenn. Ct. App. 1993), and is applicable only in unique or extraordinary circumstances. *See*, *also, Holiday v. Shoney's South, Inc.*, 42. S.W.3d 90 (Tenn. Ct. App. 2000). The record reveals no evidence of unique, exceptional or extraordinary circumstances, and we agree with the Appellant that the trial court was without jurisdiction to modify the judgment.

The judgment entered June 26, 2003 is therefore reversed, with costs assessed to the Appellee.

_____
WILLIAM H. INMAN, SENIOR JUDGE