# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 24, 2011 Session

## CARL A. BAKER v. ANTOINETTE WELCH

**Appeal from the Circuit Court for Davidson County**
**No. 09C-2220, Joseph P. Binkley, Jr., Judge**

---

**No. M2010-01291-COA-R3-CV - Filed April 13, 2011**

---

Defendant in malpractice action was granted summary judgment. Plaintiff filed two motions seeking to set aside the grant of summary judgment, which were denied. Plaintiff appealed. We reverse for reconsideration of the motion filed within 30 days of entry of the judgment under Tenn. R. Civ. P. 59.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Carl A. Baker, Altamonte Springs, Florida, Pro Se.

Daniel Davis Warlick, Nashville, Tennessee, for the appellee, Antoinette Welch.

## MEMORANDUM OPINION[1]

On June 26, 2009, Carl Baker filed a malpractice complaint against attorney Antoinette Welch, who represented him in his divorce. Welch filed a motion to dismiss and Baker responded, but the motion was apparently not heard. On December 16, 2009, Welch filed a motion for summary judgment. Baker did not respond and did not appear at the hearing on the motion. The trial court granted the summary judgment motion in an order

---

[1]Tenn. R. Ct. App.10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

signed February 5, 2010, and filed February 17, 2010. On March 5, 2010, Baker filed a motion to set aside the entry of the summary judgment, and on March 22, 2010, he filed a "motion for summary judgment retrial."

The trial court denied both of Baker's motions. It is apparent from the face of the order that no one -- not the defendant, not the plaintiff, and not the court -- realized that Baker had filed his first motion within 30 days of the entry of the order granting summary judgment.[2] Thus, the court considered the motions under Tenn. R. Civ. P. 60 and "found that the Plaintiff had neither pled, alleged nor stated in an argument any reason justifying relief under that rule."

Tenn. R. Civ. P. 59.02 affords a party a means to seek a new trial within thirty days after judgment has been entered and is the rule the court and the parties should have cited and relied upon. *See Whitworth v. Whitworth*, No. E2008-01521-COA-R3-CV, 2009 WL 2502002, at *5 (Tenn. Ct. App. Aug. 17, 2009); *see also Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008). Under Rule 59, a trial court may change its mind as long as it does not abuse the broad discretion it possesses. *Whitworth,* 2009 WL 2502002, at *4 (trial court decisions under Rule 59 are reviewed under an abuse of discretion standard). Evaluation of the motion under Tenn. R. Civ. P. 60 is much more circumscribed since Rule 60 "is to be used only in those cases that meet one or more of the criteria set forth in the rule." *State Dept. of Children's Servs v. Agbigor*, No. M2000-03214-COA-R3-JV, 2002 WL 31528509, at *16 (Tenn. Ct. App. Nov. 15, 2002) (quoting *NCNB Nat'l Bank of N.C. v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993)).

Since the trial court applied the incorrect, more narrow rule, we are reversing the decision to deny a new hearing and remanding the matter for the court to consider Baker's motion under Tenn. R. Civ. P. 59. Our decision to remand this matter should not be taken by the trial court as in any way suggesting how the court should rule.

Costs of appeal are assessed against the appellee, Antoinette Welch, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[2]Tenn. R. Civ. P. 58 provides that a properly signed order of final disposition is effective when it is marked on the face of the document by the clerk as filed for entry. While the summary judgment order was signed and dated February 5, 2010, it was not filed for entry by the clerk until February 17, 2010. Consequently, when Baker filed his motion to set aside the entry of summary judgment on March 5, 2010, he was within the 30-day window of Tenn. R. Civ. P. 59.