**Rose Ann Lewis HOLT,
Plaintiff–Appellee,**

v.

**Timothy Albert HOLT,
Defendant–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 3, 1988.

Permission to Appeal Denied by Supreme Court May 23, 1988.

Charles C. Burridge, Nashville, for defendant-appellant.

Ricky L. Wood, Parsons, for plaintiff-appellee.

## OPINION

CANTRELL, Judge.

This case involves our prior decision in *Aleshire v. Aleshire*, 642 S.W.2d 729 (Tenn. App.1981) concerning the propriety of awarding alimony in solido to be paid out of future earnings. The appellant contends that this decision makes his agreement to pay alimony in solido out of future earnings void as against public policy.

On September 5, 1985 Rose Ann Lewis Holt filed a complaint for divorce in the Chancery Court of Perry County seeking a divorce from the defendant, Timothy Albert Holt, on the grounds of cruel and inhuman treatment and irreconcilable differences. The complaint alleged that the parties married in 1977 and that since then she had worked, holding two jobs on some occasions, to provide a home and financial support for the defendant while he attended college and medical school; that the defendant had recently graduated from medical school and was an intern receiving substantial compensation for his work in Atlanta, Georgia; and that the parties had not accrued any jointly owned property during the marriage.

The next entry in the record is the final decree of divorce entered on December 12, 1985 granting the plaintiff a divorce on the ground of irreconcilable differences. The decree incorporated a property settlement agreement in which the defendant-appellant agreed to pay the plaintiff the sum of $80,000 as alimony in solido in graduated payments over the next ten years. In addition the appellant agreed to pay the plaintiff alimony in futuro in the amount of ten percent of his gross income for five years after the last payment of alimony in solido.

On January 19, 1987 the appellant filed a "Petition" for relief under Rule 60.02 of the Tennessee Rules of Civil Procedure alleging that the alimony provisions in the property settlement agreement were void. Although no facts supporting the allegation were alleged, the petition prayed for a declaration by the court that the alimony provisions were unenforceable.

After the legal questions were briefed by the parties the chancellor overruled the prayer for Rule 60.02 relief and dismissed the petition.

On appeal the defendant asserts that the property settlement agreement is void because it violates the public policy of this state as established in *Aleshire v. Aleshire*. In *Aleshire* this Court held that it was improper for the trial court to award alimony in solido to be paid out of future earnings. As stated by Judge Lewis once an award of alimony in solido becomes final it is beyond the power of the court to change it, *see Spalding v. Spalding*, 597 S.W.2d 739 (Tenn.App.1980), and while a person obtaining a medical degree may have an expectation of high earnings in the future no one can predict with certainty the course of future events. Therefore, a medical degree in and of itself has no present value out of which to make an award of alimony in solido. *Aleshire v. Aleshire*, 642 S.W.2d at 732.

As we see it there are two problems with the appellant's position in this case. First, there is no evidence in the record showing that the only source for the payment of the alimony in solido is his future earnings. The parties assume as a fact that the appellant has no present estate but the record consists solely of the original complaint, the property settlement agreement, the final decree of divorce, and the petition for relief pursuant to Rule 60.02. The pleadings do not contain any allegations that the appellant is bereft of a personal estate. The nearest thing to such an allegation is the averment in the complaint for divorce that the parties do not possess any jointly owned property. The complaint is silent, however, as to the appellant's *separate* property.

The petition filed for relief from the judgment does not allege that the appellant could not pay the alimony in solido except from his future earnings. It simply states the conclusion that the former judgment is void.

**428**

The burden of proof is on the one seeking relief from a judgment under Rule 60.02 to show the facts giving rise to the relief. *Brumlow v. Brumlow*, 729 S.W.2d 103 (Tenn.App.1986). Since there are no facts in the record to bring this case within the rule established in *Aleshire*, we are of the opinion that the appellant has not carried that burden of proof.

Further, and perhaps more important, we are of the opinion that had the facts shown that Mr. Holt did not have any way to pay the alimony in solido except from future earnings the judgment would not be against public policy and void. "Public policy is practically synonymous with public good." *Lazenby v. Universal Underwriters Insurance Company*, 214 Tenn. 639, 648, 383 S.W.2d 1, 5 (1964). Unless a private contract is in terms of such a character as to tend to harm or injure the public good, public interest, or public welfare, or to violate the Constitution, laws, common or statutory, or judicial decisions of the state, it does not violate public policy. *Home Beneficial Association v. White*, 180 Tenn. 585, 588–9, 177 S.W.2d 545, 546 (1944). A contract may not be held invalid as against public policy unless some public detriment will probably result, *Twin City Pipeline Co. v. Harding Glass Co.*, 283 U.S. 353, 358, 51 S.Ct. 476, 478, 75 L.Ed. 1112 (1931), or unless the object of the contract has a tendency to injure the public. *Nashville Ry. and Light Co. v. Lawson*, [17 Thompson] 144 Tenn. 78, 87, 229 S.W. 741, 743 (1921).

We see no public detriment resulting from the enforcement of the property settlement agreement. The court did not order the appellant to pay alimony in solido; the court simply incorporated into its final decree the appellant's agreement to do so. Enforcement of the appellant's agreement would not establish any precedent contrary to our holding in *Aleshire*. Parties should be free to obligate themselves by agreement beyond what the courts could order them to do as a matter of law. *See generally Blackburn v. Blackburn*, 526 S.W.2d 463, 465 (Tenn. 1975). In such cases the courts are not sympathetic to a party who promises more than he can reasonably expect to pay in order to induce the other spouse to obtain a divorce and then seeks the termination of the agreed payments. *Richardson v. Richardson*, 598 S.W.2d 791, 794 (Tenn.App. 1980)..

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Perry County for any further necessary proceedings. Tax the costs on appeal to the appellant.

TODD, P.J., and KOCH, J., concur.