IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2001

## STATE OF TENNESSEE v. CHARLES WILBURN TAYLOR

**Direct Appeal from the Criminal Court for Roane County**
**No. 11539      E. Eugene Eblen, Judge**

**No. E2001-01617-CCA-R3-CD**
**January 8, 2002**

A petition to declare the defendant a motor vehicle habitual offender was filed and served on him. He did not appear at the hearing, where a default judgment was entered. Subsequently, he filed a motion to set aside the default order, arguing that the service of the order on him was inadequate. The trial court denied the motion, and we affirm that denial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Craig L. Garrett, Maryville, Tennessee, for the appellant, Charles Wilburn Taylor.

Paul G. Summers, Attorney General and Reporter; Gill Robert Geldreich, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Daryl Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Charles Wilburn Taylor, was convicted in Tennessee of driving under the influence in 1986, 1987, and twice in 1994. Additionally, he was convicted in 1987 of driving while license revoked. The State filed a petition on August 21, 1996, to have the defendant declared to be an habitual offender under the Motor Vehicle Habitual Offenders ("MVHO") Act. See Tenn. Code Ann. § 55-10-601, *et seq.* According to the show cause order entered on the same date that the petition was filed, which was to be served on the defendant at 110 Windsor Drive, Nashville, Tennessee, he was ordered to appear in the Roane County Criminal Court on November 4, 1996, to show cause why he should not be barred from operating a motor vehicle in Tennessee.

The record on appeal shows that the defendant was served on September 4, 1996, with the petition and accompanying order to show cause.[1]  The court, in its order denying the motion to set aside the default judgment, found that the defendant appeared at the Roane County Courthouse on November 4, 1996, and asked that the matter be reset so that he could retain an attorney.  The appellate record shows that on February 24, 1997, the defendant failed to appear and a default order was entered, declaring him to be an habitual offender, ordering that he not operate a motor vehicle in Tennessee, that he surrender his driver's license, and that he pay the court costs.  The order bears the following certificate of service:

> The undersigned hereby certifies that a true and exact copy of the foregoing document has been served upon all counsel at interest in this cause by delivering a true and exact copy to the offices of said counsel or by placing a copy in the United States mail addressed to said counsel at his office with sufficient postage to carry it to its destination.
>
> This the 25 day of Feb., 1997.
>
> Angela Randolph
> Circuit/Criminal Court Clerk

Handwritten at the bottom of the default order is the notation "cc: Deft., Dept. of Safety, DA."

The record on appeal includes a copy of a return receipt card showing that article number 544881792 was sent by certified mail to "Charles W. Taylor, 110 Windsor Dr., Nashville, TN 37205."  Handwritten on the receipt is the delivery date of "2-28-97," the envelope being signed for by what appears to be a "W. L. Taylor," the initials being somewhat difficult to read.  However, the receipt itself does not show what was sent.

Through counsel, the defendant submitted a motion, which was filed on June 1, 2000, three years and three months after the entry of the default order declaring him to be a motor vehicle habitual offender, seeking to set aside that order.  The motion explained the basis for the defendant's seeking to have the order set aside:

> 3.  The Default Order entered by the Court does not comply with the provisions of Tennessee Rules of Civil Procedure 58.  Said Rule

---

[1]The defendant asserts, on appeal, that he was served on September 4, 1996, at the Roane County Courthouse, apparently based upon his interpretation of the officer's return, which states: "Executed as commanded by reading to, giving a copy to, and citing the defendant to Court on 4th, November at 9:00 a.m. at the Courthouse in Roane County, this the 4 day of Sept, 1996."  However, we interpret this return to state that the defendant was served on September 4, 1996, to appear on November 4, 1996, at the Roane County Courthouse, not necessarily that he was served at that location.

requires that all Orders either contain the signatures of all parties or a certificate indicating that service has been made on the parties or their counsel.

4. The certificate on the subject Order entered on February 24, 1997 contains a certificate that a true and exact copy had been served on all counsel by mailing the same to counsel's office. The certificate does not indicate that it was served upon the parties. In this cause the Defendant, Charles Wilburn Taylor, was never represented by counsel and consequently the certificate should have noted that a copy had been served upon the Defendant.

The trial court held a hearing in the matter on August 18, 2000, the defendant, being incarcerated and appearing through counsel, arguing that the entry of the default judgment was ineffective because it did not comply with Tennessee Rule of Civil Procedure 58, which provides, in pertinent part, as follows:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:

(1) the signatures of the judge and all parties or counsel, or

(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

(3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Claiming that this rule was violated, the defendant seeks relief pursuant to Tennessee Rule of Civil Procedure 60.02, which provides, in pertinent part, as follows:

**Mistakes; Inadvertence; Excusable Neglect; Fraud, etc.**

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise

vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

The defendant argues that he should be afforded relief pursuant to Rule 60.02 because the certificate of service recites that a copy of the default order was sent to his counsel although he was not represented by counsel, and the handwritten notation at the bottom of the order is insufficient to show that a copy was sent to the defendant.

At the time of the August 18, 2000, hearing, according to defendant's counsel, the defendant was incarcerated in another jurisdiction, and defense counsel and the prosecutor had agreed to proceed in the defendant's absence. Although, apparently, counsel had stipulated as to certain facts, the extent of the stipulations is unclear. Defense counsel stated that the defendant had not appeared at the hearing on February 24, 1997, because he was incarcerated at the time. The prosecutor responded that "there's no explanation" as to why the defendant had not appeared in court on February 24, 1997. The prosecutor said that the defendant had appeared in court on November 4, 1996, and asked for a resetting so that he could retain an attorney. The defendant's counsel did not contest this statement. Although the State entered three exhibits during the hearing, consisting of certified copies of court records according to the prosecutor, these exhibits do not appear to have been included in the record on appeal. Apparently, one of the exhibits was a copy of the default order, bearing the handwritten notation "cc: Deft., Dept. of Safety, DA," and the record on appeal does contain such a document. The appellate record also contains a copy of the domestic return receipt, as we have previously described, showing that article number 544881792 was sent to "Charles W. Taylor, 110 Windsor Dr., Nashville, TN 37205" by certified mail, the receipt bearing the handwritten delivery date of "2-28-97" and the signature of what appears to be "W.L. Taylor" as receiving the document. Responding to this document, defendant's counsel stated at the hearing: "I understand, from talking to the General, that there is something in the file that looks like a registered letter was sent to my client's last known address, and someone other than him signed it. I think it's probably his mother or father."

The parties agree that the Motor Vehicle Habitual Offenders Act, Tenn. Code Ann. § 55-10-601, *et seq.*, is governed by the Tennessee Rules of Civil Procedure. The defendant, as the party seeking relief pursuant to Rule 60.02, has the burden of establishing the facts justifying relief. Holt v. Holt, 751 S.W.2d 426, 428 (Tenn. Ct. App. 1988). The trial court's denial of relief is subject to an abuse of discretion analysis. Underwood v. Zurich Ins. Co., 854 S.W.2d 94, 97 (Tenn. 1993).

There are substantial gaps in the records and evidence in this matter for which the defendant has the burden of persuasion. Based upon the record on appeal, we cannot conclude that the trial court erred in denying relief. Rule 60.02(5) provides that relief is available to the defendant upon a showing of a "reason justifying relief." Here, we are unable to conclude that such a reason exists. The record shows, as the defendant asserts, that he was served with the petition and show cause order

on September 4, 1996. As evidenced by the defendant's convictions upon which the MVHO petition was based, he was not a newcomer to the courts. He had actual knowledge that a MVHO petition had been filed, as well as a copy of it, which stated that a hearing had been scheduled for November 4, 1996, according to the return on the show cause order.

Following the hearing, the court found that the clerk had complied with the court's order by serving a copy of the order declaring the defendant to be a MVHO by registered mail at the defendant's last known address. This finding, coupled with defense counsel's acknowledgment that one of the defendant's parents had signed the return receipt card, causes us to conclude that the court did not abuse its discretion in finding that there was compliance with Rule 58, the ambiguity in the certificate of service notwithstanding. Thus, the defendant was not entitled to relief pursuant to Tennessee Rule of Civil Procedure 60.02.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the order of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE