# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 3, 2005 Session

## STATE OF TENNESSEE v. JAMES ROWE HUDSON

**Appeal from the Circuit Court for Carroll County**
**No. 02CR1852     C. Creed McGinley, Judge**

**Appeal from the Circuit Court for Henry County**
**No. 13459     Julian P. Guinn, Judge**

---

**No. W2003-02433-CCA-R3-CD[1]  - Filed September 21, 2005**

---

The defendant, James Rowe Hudson, was declared a Motor Vehicle Habitual Offender in Carroll County by default judgment. Several weeks later, he was charged in Henry County with driving while a Motor Vehicle Habitual Offender, a Class E felony. See Tenn. Code Ann. § 55-10-616(a). The defendant then filed a motion pursuant to Rule 60 of the Tennessee Rules of Civil Procedure in Carroll County to set aside the original order. The motion was denied. Ultimately, the defendant was convicted in Henry County and received a Range I, two-year sentence. In this appeal of right, the following issues have been presented for our review: (1) whether the trial court of Carroll County properly denied the motion to set aside the order declaring the defendant to be a Motor Vehicle Habitual Offender; (2) whether the evidence was sufficient to support the conviction in Henry County for violation of the Motor Vehicle Habitual Offenders Act; and (3) whether the trial court of Henry County imposed an excessive sentence. The judgment of the Carroll County Circuit Court denying the defendant's motion to set aside the order declaring him to be a Habitual Motor Vehicle Offender is reversed and the order is set aside. Because the conviction in Henry County is based upon the Carroll County order, the conviction must be reversed and the charge dismissed.

**Tenn. R. App. P.3; Judgment of the Carroll County Circuit Court Reversed and Remanded; Judgment of the Henry County Circuit Court Reversed and Dismissed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, James Rowe Hudson.

---

[1]Upon a motion by the defendant, this court consolidated the cases on appeal. See Tenn. R. App. P. 16.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; and Steven L. Garrett (Henry County), Eleanor Cahill (Carroll County), and Steven Jackson (Carroll County), Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On January 25, 2002, the state filed a petition in Carroll County asking that the defendant be declared a Motor Vehicle Habitual Offender based upon the following prior convictions:

| Date | Offense | Number |
|---|---|---|
| November 4, 1999 | Driving Under the Influence | 99CR-1872 Carroll County General Sessions |
| January 6, 2000 | Driving Under the Influence | 99CR-2895 Carroll County General Sessions |
| November 22, 2000 | Driving Under the Influence, 3rd offense; Driving on Revoked | 20CR-1593 Carroll County Circuit |

An order, which was signed by the trial judge on the same day as the filing of the petition and included in the process documents, directed the defendant to appear on March 18, 2002, to show cause why he should not be declared a Motor Vehicle Habitual Offender. As indicated by the officer's return, the defendant was personally served with the petition and order on February 28, 2002, less than thirty days before the date set for the show cause appearance. On May 22, 2002, an order was entered in Carroll County wherein the defendant was declared a Motor Vehicle Habitual Offender and his driving privileges were revoked. See Tenn. Code Ann. § 55-10-613. On the same date, the court clerk certified that a copy of the order had been mailed to the defendant at his last known address.

On August 7, 2002, the defendant was arrested in Henry County and charged with driving in violation of the Motor Vehicle Habitual Offenders Act. The record indicates that on November 27, 2002, the defendant filed a motion to set aside the order and judgment in Carroll County pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. As grounds for relief, the defendant complained that the state had failed to comply with the terms of the statute by failing to provide at least thirty days notice after service of process before his initial hearing date on March 18, 2002. He further asserted that the state failed to provide advance notice, as required by law, of the date at which default judgment was sought in May. As his final issue, the defendant argued that the order should be set aside because the clerk of court had mailed the document to the wrong address. The motion was summarily denied.

Meanwhile, the defendant was bound over to the Henry County Grand Jury, indicted, tried, and convicted. The judgment was entered on January 14, 2003. The statement of the evidence, filed by defense counsel, acknowledged that an order had been signed in Carroll County declaring him a Motor Vehicle Habitual Offender and prohibiting him from driving. The statement confirmed that

he had been stopped by Officer Ricky Watson in Henry County less than three months after the Carroll County judgment had been entered. A transcript was not filed. See Tenn. R. App. P. 24(c). Although the statement of evidence was not specifically approved by either the office of the District Attorney or the trial judge, the record does not indicate that there were any objections to the content as submitted by the defendant. By rule, if the trial judge fails to approve of the statement of evidence "within 30 days after the expiration of [the] period for filing objections," the "statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court." Tenn. R. App. P. 24(f).

Initially, proceedings under the Motor Vehicle Habitual Offenders Act are civil rather than criminal in nature in that the purpose is not to punish but to revoke driving privileges. State v. Conley, 639 S.W.2d 435, 437 (Tenn. 1982); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). The Tennessee Rules of Civil Procedure therefore apply.

The first issue is whether the Carroll County Circuit Court properly denied the defendant's motion to set aside the order declaring him to be a Motor Vehicle Habitual Offender. Rule 60 of the Tennessee Rules of Civil Procedure provides a method by which a party may seek relief from a judgment, default or otherwise. That Rule provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. . . .

Tenn. R. Civ. P. 60.02.

Our supreme court has held that the burden is upon the movant to set forth by motion with supporting evidence the specific grounds for relief. Hopkins v. Hopkins, 572 S.W.2d 639, 640 (Tenn. 1978); see also Holt v. Holt, 751 S.W.2d 426, 428 (Tenn. Ct. App. 1988). "The granting of the motion to set aside a default judgment is within the sound discretion of the trial court and the court should grant the application whenever there is reasonable doubt as to whether the default

judgment should be set aside." Tennessee State Bank v. Lay, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980). In Keck v. Nationwide Systems, Inc., the Court of Appeals ruled that "when there is a reasonable doubt as to whether a default judgment should be set aside upon proper application, the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits." 499 S.W.2d 266, 267 (Tenn. App. 1973).

As indicated the defendant sought relief from the Carroll County order on several grounds. In this appeal, he first asserts that the judgment was void because the state failed to comply with the statute, which requires that the defendant be given no less than thirty days after service to appear and show cause as to why he should not be declared a Motor Vehicle Habitual Offender. Tennessee Code Annotated section 55-10-608 provides as follows:

> (a) Upon the filing of the petition, the court shall make an order directing the individual (defendant) named therein to appear before the court to show cause why the defendant should not be barred from operating a motor vehicle on the highways of this state.
>
> (b) The order of the court shall specify a time certain, not earlier than thirty (30) days after the date of service of the petition and order, at which the defendant shall first appear before the court.

Tenn. Code Ann. § 55-10-608 (emphasis added). The act contemplates service of process of both the show cause order and the petition upon the defendant. Tenn. Code Ann. § 55-10-609. The act also provides for a hearing on the petition:

> (a) Upon the first appearance of the defendant before the court, the court shall determine whether there is any material disputed, issue of fact with regard to the allegations of the petition. If not, the court shall forthwith render an order or judgment as may be appropriate without the intervention of a jury.
>
> (b) If, at the time of the first appearance of the defendant before the court, the court determines that there is a dispute as to any material fact or facts, the court shall make an order specifying what fact or facts are disputed, and shall thereupon set the matter for hearing on a day certain not earlier than thirty (30) days thereafter, unless all parties agree to an earlier date. As to any fact disputed, the state shall have the burden of proof.

Tenn. Code Ann. § 55-10-610.

The defendant also contends that the state failed to provide advance notice of the date at which default judgment would be sought. Rule 55.01 of the Tennessee Rules of Civil Procedure provides, in part, as follows:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:

The party entitled to a judgment by default shall apply to the court. All parties against whom a default judgment is sought <u>shall be served with a written notice of the application for judgment at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action</u>. . . .

Tenn. R. Civ. P. 55.01 (emphasis added).

Finally, the defendant argues that the state failed to comply with the terms of Rule 58 of the Tennessee Rules of Civil Procedure because he was not served with a copy of the final judgment. The defendant contends that he never received a copy of the judgment by mail and attributes the error to the clerk of the court's having mailed the judgment to Hollow Rock rather than Bruceton, his place of residence. Rule 58 provides, in pertinent part, as follows:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
(1) the signatures of the judge and all parties or counsel, or
(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
(3) <u>the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel</u>. . . .

Tenn. R. Civ. P. 58 (emphasis added). Rule 5.02 provides that "[s]ervice . . . upon a party shall be made by delivering to him or her a copy of the document to be served <u>or by mailing it to such person's last known address</u>." Tenn. R. Civ. P. 5.02 (emphasis added). In addition, Rule 5.03 provides that proof of service "may be by certificate of a member of the Bar of the Court or by affidavit of the person who served the papers, or by any other proof satisfactory to the court." Tenn. R. Civ. P. 5.03. In this instance, the certificate of service provides that the clerk of the court served the defendant with the order by sending it, via United States mail, to his last known address. In our view, this is sufficient to comply with the requirements of Rule 55.

With regard to the other issues, however, it is our view that the state failed to comply with the procedural requirements. The state concedes that it failed to comply with Tennessee Code Annotated section 55-10-608 because the initial hearing date was scheduled for March 18, 2002, less than thirty days after the original show cause order was personally served upon the defendant. The state further concedes that it failed to comply with Rule 55.01 of the Rules of Civil Procedure by failing to provide notice of the default judgment prior to its entry on May 13, 2002. Other than a

statement that the defendant was not present, there is no reference in the final order that the judgment was obtained by default.

These facts are indistinguishable from those in <u>State v. Collis Branch</u>, No. E2001-00711-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Dec. 10, 2001). In that case, the order declaring the defendant a Motor Vehicle Habitual Offender was upheld only because the defendant failed to file his motion to set aside the judgment pursuant to Rule 60.02 until almost six years after entry. Observing that the scope of review on appeal was limited to whether the trial court abused its discretion, this court ruled that the trial court, in "attempting to strike a proper balance between the competing principles of finality and justice," had properly exercised that discretion by concluding that the six-year delay in the filing of the motion for relief from the judgment was unreasonable. <u>Id.</u>, slip op. at 4-5. Rule 60, of course, requires filing within a "reasonable" time and requires filing within a year when the motion is based upon mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, or misconduct of an adverse party. <u>See</u> Tenn. R. Civ. P. 60.02. By comparison, there were only six months between the entry of the order in this case and the filing of the Rule 60 motion by the defendant, well within the time prescribed on any of the potential grounds for relief.

The summary nature of the trial court's denial of the defendant's motion to set aside the judgment precluded any consideration of whether the court struck "'a proper balance between the competing principles of finality and justice.'" <u>Banks v. Dement Construction Co.</u>, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting <u>Jerkins v. McKinney</u>, 533 S.W.2d 275, 280 (Tenn. 1976)). In consequence, it is our view that because the state failed to follow the proper procedure in obtaining the order and because the defendant had proper grounds and acted in a reasonable time, the judgment of the Carroll County Circuit Court denying the motion to set aside the order must be reversed. The order declaring the defendant a Motor Vehicle Habitual Offender is set aside and the cause is remanded for proceedings not inconsistent with this opinion.

Because the judgment of conviction in Henry County is contingent upon the validity of the Carroll County order, it must be reversed and the cause dismissed. Further, because the conviction has been reversed and dismissed, a review of the propriety of the sentence is not necessary.

_____
GARY R. WADE, PRESIDING JUDGE