IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 19, 2005

## CHRISTINA M. McWHORTER v. JAMES C. McWHORTER

**Appeal from the Chancery Court for Montgomery County**
**No. 99-11-0004      Lawrence M. McMillan, Jr., Chancellor**

_____

**No. M2005-00359-COA-R3-CV- Filed January 17, 2006**

_____

Defendant in this divorce case appeals asserting that the trial court erred in failing to treat his admittedly untimely Motion for a New Trial and to Alter and Amend the Divorce Decree as a Tennessee Rule of Civil Procedure 60 Motion.  We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

James C. McWhorter, Clifton, Tennessee, Pro Se.

Gregory Smith, Clarksville, Tennessee, for the appellee, Christina M. McWhorter.

**OPINION**

On November 1, 1999, Christina M. McWhorter ("Plaintiff"), filed a Complaint for Absolute Divorce against James C. McWhorter ("Defendant").  Defendant failed to answer the complaint, and, on July 18, 2000, Plaintiff filed a Motion for Default.  Judgment by default was entered August 1, 2000, and, on August 8, 2000, a Final Decree of Absolute Divorce was entered containing, among other findings of fact, a provision that:

> This case was filed on November 1, 1999 and Defendant was properly served via certified mail in November, 1999.  Defendant did not file an Answer but appeared in open court on August 1, 2000 and stated that he was not contesting Plaintiff's requested divorce.

Defendant, represented by retained counsel, filed his Motion for a New Trial and to Alter and Amend the divorce judgment on Thursday, September 8, 2000.

Almost five years later on February 2, 2005, Defendant filed his Motion to Amend Motion for a New Trial and to Alter and Amend, this time acting *pro se*. At this time, Defendant also filed various legal memoranda together with a Motion to Disqualify Counsel for Plaintiff.

On February 4, 2005, the trial court entered an order striking Defendant's September 8, 2000, Motion and all of his subsequent motions as being untimely and moot. The court found the following facts:

1.      A Final Decree of Absolute Divorce was filed with the Court in this matter on August 8, 2000. A Default Judgment was filed with the Court on August 1, 2000. Since August has 31 days in it, the Final Decree of Absolute Divorce became final on September 7, 2000.

2.      On September 8, 2000, Defendant filed a "Motion For New Trial and to Alter and Amend." No notice of appeal, nor other motions, were filed until February, 2005, when Defendant attempted to file a series of *pro se* motions which would amend the September 8, 2000 motion. Defendant has not paid court costs for the series of motions he filed in February, 2005. Defendant did not seek indigency status and the Court notes that the September 8, 2000 motion was filed by retained counsel.

3.      Tenn. R. Civ. P. 59.02 controls the time in which a motion for new trial and/or to alter or amend a judgment may be filed. Said rule says that the motion must be filed within 30 days of the judgment being entered. The Tennessee Supreme Court has held that this time frame is jurisdictional and may not be expanded, except if the thirty day period ends on a weekend of [sic] a holiday. *See, Binkley v. Medling*, 117 S.W.3d 252, 255-258 (Tenn.2003). This Court takes judicial notice that September 7, 2000 was a Thursday. September 8, 2000 was a Friday. Therefore, the August 8, 2000 Final Decree of Absolute Divorce became a final judgment on September 7, 2000. Since the motion was filed beyond the 30 day period allowed by Tenn. R. Civ. P. 59, this Court is without jurisdiction to entertain the motion, nor the amendments to said motion filed in February, 2005.

The sole issue asserted on appeal is that the trial court erred in not treating his motion of September 8, 2000, as a Tennessee Rule of Civil Procedure 60 motion. A timely motion to alter or amend a final judgment filed pursuant to Tennessee Rule of Civil Procedure 59 is effective to suspend time for appeal until the trial court rules upon the motion. Such a motion that is not timely filed does not suspend the finality of the judgment. *Flynn v. Shoney's, Inc.*, 850 S.W.2d 458, 461 (Tenn.Ct.App.1992).

The determination of whether of not to treat an untimely Tennessee Rule of Civil Procedure 59 motion as a motion for relief from judgments or orders under Tennessee Rule of Civil Procedure

60 is a matter that is discretionary with the trial court and is reviewable on appeal under an abuse of discretion standard. *Toney v. Mueller Co.*, 810 S.W.2d 145, 147 (Tenn.1991); *Day v. Day*, 931 S.W.2d 936, 939 (Tenn.Ct.App.1996).

Unexplained in this record is why the defendant waited from the September 8, 2000, filing of his untimely Tennessee Rule of Civil Procedure 59 motion until February 2, 2005, to act in furtherance of the September 8, 2000, motion. The judgment of the trial court had become final on September 7, 2000, and with the record remaining in this state for more than four years, Defendant then undertook to amend the September 8, 2000, motion and breathe new life into it.

Tennessee Rule of Civil Procedure 60 is an escape valve designed to alleviate an oppressive or onerous final judgment. *NCNB Nat'l. Bank v. Thrailkill*, 856 S.W.2d 150, 153 (Tenn.Ct.App.1993); *Killion v. Tennessee Dept. of Human Servs.*, 845 S.W.2d 212, 213 (Tenn.1992).

The burden of proof rests upon one seeking relief from a judgment under Tennessee Rule of Civil Procedure 60 to show facts giving rise to the relief. *Holt v. Holt*, 751 S.W.2d 426, 428 (Tenn.Ct.App.1988).

The unexplained delay in this case is unreasonable. *Magnavox Co. v. Boles & Hite Constr. Co.*, 583 S.W.2d 611, 613-14 (Tenn.Ct.App.1979).

The trial court did not abuse its discretion in refusing to treat the untimely motion under Tennessee Rule of Civil Procedure 59 as a motion for the relief from judgment under Tennessee Rule of Civil Procedure 60.

The judgment of the trial court is in all respects affirmed, and costs are assessed to Defendant/Appellant, James C. McWhorter.

_____
WILLIAM B. CAIN, JUDGE